GOULD, Circuit Judge,
concurring:
I am sorry to say that the austerity of our jurisprudence concerning tribal sovereign immunity leaves me with the conclusion that an unjust result is reached that our law might better preclude. As the case comes to us, we see Christopher Cook, catastrophically injured as the result *728 allegedly of gross and culpable negligence of Avi Casino’s employees. However, our precedent under Allen makes clear that so long as Avi Casino Enterprises was acting as an arm of the Tribe, which appears to be the case, it gains a tribal sovereign immunity commensurate with that of the Tribe itself. From this, it follows in logic that involved casino employees, when sued in corporate capacity for torts committed in the course of employment, also gain immunity. This leaves Mr. Cook without a remedy against Avi Casino for his grave injuries under our law, even if his assertions of negligence by casino employees are correct.
In my view it would be desirable if (1) the United States Supreme Court on review were to establish a new rule limiting tribal sovereign immunity in this gaming context; or (2) the Congress were to pass new legislation limiting the sovereign immunity of tribal entities involved in ubiquitous commercial gaming activities across the United States; (3) the Tribe itself were to take responsibility for its casino employees’ actions, and affirmatively waive sovereign immunity in this case permitting Cook’s action to be resolved under a litigated adversarial process. Alternatively, my concerns would be alleviated if one were to hold that the “sue and be sued” clause in a tribal enabling ordinance effectuated a waiver of tribal sovereign immunity (an issue we think not raised on Cook’s appeal).
Lest it appear that I am offering a general challenge to the concept of sovereign immunity for Indian tribes, I clarify that is not my aim. I have no disagreement with applying the doctrine of sovereign immunity to any important actions of Indian tribes, their officials, corporate arms, and employees when those actions are aimed at matters of governance of the Indian nation or policy matters that are critical to their continuation as a tribe. However, I question whether that doctrine can sensibly be applied to actions wholly commercial in the gaming area where the tribe has undertaken to compete and to provide services for the general public. In this sphere our law can be modified to ensure that the needs of justice for injured individuals limit the scope of the sovereign immunity doctrine for Indian tribes engaged in commercial gaming activities.